1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9  Reginald Haywood,                )     No. CV-05-2179-PHX-DGC
                                     )
10             Plaintiff,            )     **ORDER**
                                     )
11  vs.                             )
                                     )
12  Jeffrey A. Bedatsky, et al.,     )
                                     )
13             Defendants.           )
   _____   )

14

15          Pending before the Court is Defendant Rosalie Banasiak's motion for a more definite

16  statement.  Doc. #14.  Also pending before the Court are Plaintiff's motions to respond to

17  Defendants' Banasiak, Tyson, Mayorga, NPMHU, and NPMHU 320  motions in one filing

18  and for an extension of time to respond to the Court's Orders on Plaintiff's motions for default

19  and appointment of counsel.  Docs. ##16, 42, 43, 45.  For the reasons set forth below, the

20  Court will deny the motions for a more definite statement and for an extension of time to

21  respond to the Court's Orders, and will grant the motion to respond to Defendants' motions

22  in one filing.

23                              **BACKGROUND**

24          Plaintiff commenced this action by filing a pro se complaint against various

25  Defendants on July 22, 2005.  Doc. #1.  Plaintiff alleges wrongful termination from the

26  United States Postal Service ("USPS") in violation of various federal statutes.  *Id.* at 1-2.

27  Plaintiff's claim against Defendant Banasiak alleges that Defendant violated Plaintiff's right

28  to privacy by furnishing the USPS with detailed medical information on Plaintiff in violation

of 5 U.S.C. § 555, the Health Insurance Portability and  Accountability Act of 1996 ("HIPAA"), and various Arizona statutes.  *Id.* at 5, ¶ 18.  Pursuant to Federal Rule of Civil Procedure 12(e), Defendant Banasiak moves the Court for an order compelling Plaintiff to provide a more definite statement concerning allegations against Defendant and requests specifically that Plaintiff provide: (1) specific dates on which Defendant provided services to Plaintiff, (2) specific dates where medical records were allegedly given to the USPS, and (3) specific dates of alleged wrongdoing by Defendant Banasiak.  Doc. #14 at 1.

**LEGAL STANDARD**

**I.      Defendant Banasiak's Motion for a More Definite Statement.**

**A.      Standard for Motion for More Definite Statement.**

Indefiniteness of the complaint does not constitute grounds for dismissal.  *Bowles v. Glick Bros. Lumber Co.*, 146 F.2d 566, 568 (9th Cir. 1945).  "If a defendant needs additional information to enable him to answer or prepare for trial the procedure provided by the Federal Rules is a motion for a more definite statement . . . ."  *Id.*  Under Federal Rules of Civil Procedure 12(e), if "a complaint is 'so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading,' the defendant may move for an order requiring a more definite statement by pointing out 'the defects complained of and the details desired."  *Bautista v. County of Los Angeles*, 216 F.3d 837, 843 n.1 (9th Cir. 2000).  "The district court may also order a more definite statement on its own initiative.  *Id.* (citing *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 907 n.13 (11th Cir. 1996)).  The rule, however, "authorizes a district court to strike the complaint under that subsection only in the event that the plaintiff disobeys the court's Rule 12(e) order."  *Id.*

**B.      Analysis.**

Defendant Banasiak argues that because a responding party must have the minimum amount of information required to form a defense pursuant to Federal Rule of Civil Procedure 8(b), Plaintiff's complaint must give specific dates or a general period of time in which the claims arose.  Doc. #14 at 2.  The question before the Court is whether a more

definite statement is required from Plaintiff concerning dates the claim allegedly arose. *See* Doc. #1 at 5.

Requests for more definite statements under Rule 12(e) are not to be used as a means of securing discovery. 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE ("Wright & Miller") § 1376 (3d ed. Supp. 2005). Rule 12(e) motions are "'ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail, and if the requirements of the general rule as to pleadings are satisfied and the opposing party is fairly notified of the nature of the claim such motion is inappropriate.'" *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003) (quoting *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414-15 (D. Or. 2002)). "[F]ederal courts have been properly desirous of avoiding any possibility that the permissive allowance of Rule 12(e) motions seeking detailed factual averments will shift the burden of fact elicitation from the discovery phase back to the pleadings." Wright & Miller, § 1376. "'[P]leadings in the federal courts are only required to fairly notify the opposing party of the nature of the claim.'" *Castillo*, 219 F.R.D. at 163 (quoting *Resolution Trust Corp. v. Dean*, 854 F. Supp. 626, 649 (D. Ariz. 1989)); *see* Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim"). Rule 12(e) is "'not to be used to assist in getting facts in preparation for trial as such; other rules relating to discovery, interrogatories and the like exist for such purposes.'" *Castillo*, 219 F.R.D. at 163 (quoting *Sheffield*, 211 F.R.D. at 415).

Courts have recognized an exception to the generally restrictive attitude of Rule 12(e) relating to possible threshold defenses to claims for relief. Wright & Miller, § 1376. "Plaintiffs . . . have been required to give particulars about the date on which the claim arose, so that the timeliness of the action could be determined." *Id.*; *see Rose v. Kinevan*, 115 F.R.D. 250, 252 (D. Colo. 1987) ("[E]ven if a particular defendant knows which claim or claims apply to him, the filing of an appropriate responsive pleading is hampered by the absence of vital knowledge of applicable time periods."); *Buchholtz v. Renard*, 188 F. Supp. 888, 892 (1960) (holding that the defendants were entitled to a more definite statement as to

1   the date or dates various plaintiffs received unregistered securities allegedly purchased by

2   them).

3         In this case, Defendant Banasiak seeks a more definite statement for the specific

4   purpose of evaluating the timeliness of Plaintiff's complaint.  Although this potentially is an

5   appropriate use of Rule 12(e), the Court concludes that the more efficient approach in this

6   case, where Plaintiff is proceeding *pro se*, will be for Defendant Banasiak to inquire into

7   timeliness issues through discovery and then file a motion for summary judgment if she

8   believes the action against her is untimely.  The complaint is sufficiently detailed for

9   Defendant to understand the charges against her, and the Court is not confident that requiring

10  a more definite statement will result in the clarity Defendant seeks for her statute of

11  limitations defense.  In the interest of efficiency, the Court will deny Defendant Banasiak's

12  motion for a more definite statement and require that she proceed by way of discovery.

13  **II.    Plaintiff's Motions.**

14        On October 17, 2005, Plaintiff filed a motion to respond to Defendants' Banasiak,

15  Tyson, Mayorga, NPMHU, and NPMHU 320 motions in one filing.  Doc. #16.  The Court

16  will grant Plaintiff's motion.  Plaintiff also filed a motion for an extension of time to respond

17  to the Court's Orders on Plaintiff's motions for default and appointment of counsel on March

18  28, 2006.  Doc. #45.  Because no response is required, the Court will deny the motion as

19  moot.

20        **IT IS ORDERED:**

21        1.    That Defendant Banasiak's motion for a more definite statement (Doc. #14)

22  is **denied**.

23        2.    That Plaintiff's motion to respond to Defendants' Banasiak, Tyson, Mayorga,

24  NPMHU, and NPMHU 320 motions in one filing (Doc. #16) is **granted**.

25        3.    That Plaintiff's motion for an extension of time to respond to the Court's Orders

26  on Plaintiff's motions for default and appointment of counsel (Doc. #45) is **denied**.

27        4.    A Rule 16 case management conference will be set for **May 31, 2006**.

28

DATED this 12th day of April, 2006.

David G. Campbell
United States District Judge