**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reginald Haywood, | No. CV-05-2179-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Jeffrey A. Bedatsky, et al., | |
| Defendants. | |

Plaintiff has filed a Motion to Vacate Dismissal Order. Doc. #58. The Court will construe this filing as a motion to reconsider its order of April 12, 2006 granting NPMHU's motion for summary judgment. Doc. #47. Under the Court's local rules, NPMHU is not permitted to file a response to Plaintiff's motion unless ordered by the Court. *See* LRCiv.7.2(g). NPMHU nonetheless filed a response to Plaintiff's motion. Doc. #59. Because the Court's local rules do not permit briefing on a motion for reconsideration without Court order, the Court will rule on the motion without further briefing.

The Court has discretion to reconsider and vacate its order granting summary judgment. *See Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. *See Northwest Acceptance Corp. v. Lynwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Nor is it the time to ask the Court to rethink what it has already thought. *See United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998).

Plaintiff asserts a number of arguments not contained in his original summary judgment briefing. As noted above, a motion for reconsideration is not the place to assert new arguments. Because Plaintiff is proceeding *pro se*, however, the Court will address Plaintiff's one relevant argument.

Plaintiff suggests that the Court erred in applying a 6-month statute of limitations to his claim against NPMHU. Relying on *Farber v. City of Patterson*, 440 F.3d 131 (3rd Cir. 2006), Plaintiff argues that the Court should have applied a six-year limitations period. The *Farber* case, however, was applying the New Jersey Employer-Employee Relations Act. It does not apply to the claim in this case.

Plaintiff asserts a variety of additional arguments in his motion. Some concern grievances that are not a part of this case. The Court will not address these issues.

Plaintiff also suggests in his motion that he desires to amend his complaint. The Court held a Rule 16 case management conference with Plaintiff and counsel for Defendants on May 31, 2006, and established a deadline for filing motions to amend. The case management order reflecting that deadline will be issued shortly. If Plaintiff desires to amend his complaint, he should file a proper motion to amend under Rule 15 of the Federal Rules of Civil Procedure within the time permitted under the case management order.

**IT IS ORDERED** that Plaintiff's Motion to Vacate Dismissal Order (Doc. #58) is **denied**.

DATED this 7th day of June, 2006.

David G. Campbell
United States District Judge