1  **WO**

2

3

4

5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

8

9  Reginald Haywood,                                    )          No. CV-05-2179-PHX-DGC
                                                        )
10              Plaintiff,                               )          **ORDER**
                                                        )
11  vs.                                                  )
                                                        )
12                                                       )
    Jeffrey A. Bedatsky, et al.,                         )
13                                                       )
                Defendants.                              )
14                                                       )
                                                        )
15  _____)

16

17          Pending before the Court is Plaintiff's motion for entry of default pursuant to Rule 55

18  of the Federal Rules of Civil Procedure. Dkt. #64. Plaintiff seeks the entry of default against

19  numerous Defendants on the ground that he has properly served them with process and they

20  have failed to respond. *Id.*

21          Plaintiff has not, however, properly served Defendants pursuant to Rule 4 of the

22  Federal Rules of Civil Procedure. Plaintiff appears to believe that the mailing of requests for

23  waiver of service to Defendants constitutes proper service under Rule 4. *See id.* Service is

24  effectuated in this manner only if Defendants agree to waive service. *See* Fed. R. Civ. P.

25  4(d). Plaintiff has presented no evidence that Defendants have done so. The Court

26  accordingly will deny Plaintiff's motion for entry of default.

27          Plaintiff filed the complaint in this action on July 22, 2005. Dkt. #1. Plaintiff was

28  required to serve process on Defendants by November 19, 2005. *See* Fed. R. Civ. P. 4(m).

1  On December 19, 2005, the Court granted Plaintiff's motion for extension of time to serve

2  Defendants and gave Plaintiff until January 20, 2006 to effectuate service.  Dkt. #25 ¶ 2; *see*

3  Dkt. #21.   The Court advised Plaintiff that the Court was not inclined to grant further

4  extensions of time to complete service.  Dkt. #25 ¶ 2.

5      It does not appear that Plaintiff completed service on all Defendants by the

6  January 20, 2006 deadline.  Plaintiff shall, by **October 20, 2006**, show good cause as to why

7  the unserved Defendants should not be dismissed from this action.  *See* Dkt. #25; Fed. R.

8  Civ. P. 4(m); *Boudete v. Barnette*, 923 F.2d 754, 755 (9th Cir. 1991) ("In order to avoid

9  dismissal for failure to [timely] serve the complaint and summons[,] . . . a plaintiff must show

10  'good cause.'").

11      **IT IS ORDERED:**

12      1.      Plaintiff's motion for entry of default (Dkt. #64) is **denied**.

13      2.      Plaintiff shall show good cause as to why the unserved Defendants should not

14  be dismissed by **October 20, 2006**.

15      DATED this 11th day of October, 2006.

16

17

18

19      David G. Campbell
        United States District Judge

20

21

22

23

24

25

26

27

28