**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reginald Haywood, | No. CV-05-2179-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Jeffrey A. Bedatsky, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's response to the Court's order to show good cause as to why the unserved Defendants should not be dismissed. Dkt. ##71, 74, 75, 77, 79. Plaintiff has also filed a motion to amend his complaint, a motion for extension of time to serve Defendants, and a motion for issuance of summons to serve United States Attorney General Alberto Gonzalez and United States Attorney Paul Charlton. Dkt. ##66, 72, 81. Finally, Defendants Lincoln Tyson and Connie Mayorga have filed a motion to extend the Court's deadline for mandatory face-to-face settlement negotiations or, in the alternative, to waive this requirement. Dkt. #78.

**I.    Background.**

Plaintiff commenced this action by filing a pro se complaint against multiple Defendants on July 22, 2005, alleging, among other things, wrongful termination, deliberate infliction of emotional distress, and violation of his civil rights. Dkt. #1 at 2. On December 19, 2005, the Court extended the time for Plaintiff to serve Defendants to

1  January 20, 2006. Dkt. #25. On January 18, 2006, believing he had properly served all
2  Defendants by mailing them requests for waiver of service, Defendant sought entry of default
3  against the Defendants who had not responded to his complaint.[1] Dkt. ## 27-32, 33, 34. The
4  Court denied the motions because Plaintiff had failed to provide proof of service as required
5  by Federal Rule of Civil Procedure 55(a). Dkt. #42. On August 28, 2006, Plaintiff again
6  filed a motion for entry of default against the Defendants who had not responded. Dkt. #64.
7  The Court denied the motion and ordered Plaintiff to show good cause pursuant to Rule 4(m)
8  as to why the unserved Defendants should not be dismissed from the action. Dkt. #71 at 2.
9      On September 8, 2006, the Court, having received an untimely amended complaint
10 from Plaintiff, extended the initial deadline set in the case management order for motions to
11 amend the pleadings. Dkt. #65. Plaintiff filed a motion for leave to amend his original
12 complaint, and Defendant National Postal Mailhandlers Union (NPMHU) filed a response
13 in opposition. Dkt. ##47, 66, 67.

14 **II.   Discussion.**

15     **A.   Good Cause.**

16     Rule 4(m) provides that "[i]f service of the summons and complaint is not made upon
17 a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the
18 action without prejudice as to [the unserved] defendant[.]" Fed. R. Civ. P. 4(m). There is
19 an exception to this mandate, however, for a plaintiff who can show good cause for the
20 failure to serve. *Id.* "[G]ood cause is likely (but not always) to be found when the plaintiff's
21 failure to complete service in timely fashion is a result of the conduct of a third person,
22 typically the process server, the defendant has evaded service of the process or engaged in
23 misleading conduct, the plaintiff has acted diligently in trying to effect service or there are
24 understandable mitigating circumstances or the plaintiff is proceeding pro se or in forma
25 pauperis." Wright & Miller, *Federal Practice and Procedure*: *Civil 3d* § 1137 at 342 (2002).

---

[1] Currently, the only Defendants who have responded to Plaintiff's complaint are Defendants Bedatsky, Bahasiak, NPMHU, Tyson, and Mayorga. *See* Dkt. ##11, 13, 14, 51.

- 2 -

Good cause generally does not exist under less compelling facts, such as "failure to receive a waiver of formal service, ignorance of the rule, the absence of prejudice to the defendant, office moves or personal problems, the belief that the time requirement was only technical, the filing of an amended complaint, inadvertence of counsel, or the expenditure of efforts that fall short of real diligence by the serving party." *Id*. at 352.

Plaintiff's argument that his "state of mind" caused him to misinterpret the service of process rules is insufficient to establish good cause for purposes of Rule 4(m).[2]  Plaintiff's response also suggests, however, that he was advised by the Clerk of the Court that Defendants would be served by a United States marshal if they did not accept the request for waivers. Dkt. #74 at 2. Plaintiff appears to have thought that this conversation acted as a request for service by a marshal. *Id.*

Generally, service of a summons and complaint is the responsibility of the plaintiff. Fed. R. Civ. P. 4(c)(1). At the request of a plaintiff proceeding in forma pauperis, however, a court may direct service to be effected by a U.S. marshal. Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(c); *see Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). A court is not required to inform the plaintiff of this option. *Id.* The Court is persuaded, nonetheless, that Plaintiff's failure to effect service likely was based on his misunderstanding, as a pro se litigant, that service would be made by a marshal without further action on his part. After Plaintiff discovered that effective service had not occurred, he mailed requests for waiver of service again, apparently presuming that a marshal would take over from there. Plaintiff twice moved for entry of default after he thought the Defendants had been served.

The Court will not dismiss the unserved Defendants and will grant Plaintiff an additional 60 days to correctly effect service. If Plaintiff seeks to have the Court direct that

---

[2]In his supplemental response to the Court's order to show good cause, Plaintiff refers to "the egregiousness" of various Defendants' actions and provides various documents on the history of Plaintiff's claims. Dkt. #77 at 3, Exs. A-F. These arguments go to the merits of Plaintiff's complaint and are not related to the question of whether Plaintiff has shown good cause for his failure to serve Defendants.

- 3 -

service be effected by a marshal under Rule 4(c) and 28 U.S.C. § 1915, he must promptly make this request of the Court. Plaintiff is cautioned that service in this case is long overdue and the Court will not be inclined to grant additional extensions. This litigation has been pending for well over one year and must move forward to a conclusion.[3]

### B. Motion to Amend.

The Court granted summary judgment on Plaintiff's claims against Defendant NPMHU on April 12, 2006. Dkt. #47. Courts rarely grant leave to amend claims against parties who have been eliminated by summary judgement. *See Nguyen v. United States*, 792 F.2d 1500, 1503 (9th Cir. 1986). This rule is relaxed for pro se litigants because of the complexity of the pleading process, *see Arford v. United States*, 934 F.2d 229, 231 n.1 (9th Cir. 1991), but even a relaxed standard does not permit Plaintiff to assert the very same claims that were eliminated by summary judgment, albeit with some rewording. The Court granted summary judgement for NPMHU on statute of limitation grounds, and nothing in Plaintiff's amended complaint would change the Court's analysis on this issue. The Court will therefore deny Plaintiff's amended complaint against NPMHU.

A motion to amend is "freely given when justice so requires." Fed. R. Civ. P. 15(a); *see United States v. Smith Kline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001). But futility of the proposed amendment, prejudice to the opposing party, bad faith underlying the amendment, or undue delay in litigation all may overcome this liberal policy. *See Foman v.*

---

[3]The Court reminds Plaintiff that if he chooses not to request service by a U.S. marshal, he must comply with the Federal Rules and correctly effect service himself. Specifically, he can effect service by "delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house . . . with some person of suitable age and discretion residing therein[.]" Fed. R. Civ. P. 4(e)(2). Recently, Plaintiff has filed various returns of service, purportedly showing that Plaintiff has satisfied these requirements. *See* Dkt. ## 82-87. These returns are filled with errors. They lack the required signatures and names of the servers. Because these errors leave the Court unsure as to whether the particular Defendant received the summons and complaint, or whether the person that signed for Defendant was of suitable age and capacity, or even whether there was service at all, the Court will not accept these returns of service as valid proof under Rule 4(l).

- 4 -

*Davis*, 371 U.S. 178, 182 (1962); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Although Plaintiff asserts a variety of claims, including claims for discrimination under Title VII and the ADA, violations of HIPPA, Civil RICO and state-law claims, his charges all appear to arise out of his former employment. Plaintiff originally sued more than 35 defendants including a wide array of individuals and organizations. Dkt. #1. As noted, the Court already has granted summary judgment in favor of some Defendants. Dkt. #47. Plaintiff has tried for more than 15 months to complete service and has twice sought default against a large number of Defendants. On December 19, 2005, the Court cautioned Plaintiff that it would not be inclined to grant additional extensions to complete service. Dkt. #25. For the reasons set forth above, however, the Court finds good cause to allow Plaintiff an additional 60 days to serve the complaint.

But this does not mean that Plaintiff should be permitted to substantially expand the litigation this far down the road. Plaintiff's proposed amended complaint appears to add at least 10 defendants to the more than 35 already named in this action, and to add additional causes of action against the existing defendants.[4] Plaintiff states that he seeks merely to "clarify his claims and parties," dkt. #66 at 2, but he does not explain why these clarifications could not have been made when his complaint was filed or during the ensuing year. Much litigation has occurred since Plaintiff commenced this action. More than 25 motions have been filed and resolved. The Court has entered more than 15 orders. The docket now has 87 entries. This is not the time for Plaintiff to be commencing new actions against 10 new defendants, particularly when the fundamental nature of Plaintiff's case has not changed and it has taken some 16 months to move forward with the case against the original Defendants.

In evaluating undue delay, a court looks to "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."

---

[4]The new defendants include Suzanne Biles-Kintscher, David Lombardi, Jeremy Wood, Jeffrey Altman, Concentra Medical, Scottsdale Psychiatric Physicians, American Postal Workers Union, Elaine Jones, Ji Southmoll, and Gayle Larson.

- 5 -

1 *AmerisourceBergen*, 465 F.3d at 953 (internal quotations omitted) (upholding district court's
2 denial of leave to amend when pertinent facts were known to plaintiff before filing of original
3 complaint). Plaintiff does not assert that he has come across new information. Moreover,
4 the Court finds that additional delay will prejudice the Defendants who have responded to
5 Plaintiff's complaint and are waiting for this action to move forward. The Court concludes
6 that Plaintiff has delayed unduly in seeking to amend his complaint and will therefore deny
7 the motion to amend.[5]

**C.    Motion to Extend Deadline for Settlement Negotiations.**

9     In its scheduling order, the Court ordered all parties to "meet in person and engage in
10 good faith settlement talks no later than October 27, 2006," and to file a joint report on
11 settlement talks within five working days of the negotiations. Dkt. #61 at 4. Defendants
12 Mayorga and Tyson ask this Court to either extend that deadline or eliminate it altogether.
13 Dkt. #78. The Court will order that settlement negotiations take place by January 31, 2007.

14    **IT IS ORDERED:**

15    1.    Plaintiff's motion to supplement his response to the order to show cause
16 (Dkt. #75) is **denied** as moot.

17    2.    Plaintiff's motion for extension of time to serve Defendants (Dkt. #72) is
18 **granted**. Plaintiff will have until **January 29, 2007** to serve Defendants. If Defendants are
19 not served by **January 29, 2007**, either by a U.S. marshal or otherwise, they will be
20 dismissed from this action.

21    3.    Plaintiff's motion for leave to amend his complaint (Dkt. #66) is **denied**.

22    4.    Plaintiff's motion for issuance of summons on United States Attorney General
23 Alberto Gonzalez and United States Attorney Paul Charlton (Dkt. #81) is **denied**.

24    5.    Defendant Mayorga and Tyson's motion to extend the deadline for mandatory
25 face-to-face settlement negotiations (Dkt. #78) is **granted**. Such negotiations shall take place

---

[5] The fact that Plaintiff's motion was filed within the time allowed in the Court's scheduling order does not mean that it is timely for purposes of Rule 15. *See AmerisourceBergen*, 465 F.3d at 951-53.

by **January 31, 2007**, and a joint report of the settlement talks shall by filed within five working days of the negotiations.

DATED this 29th day of November, 2006.

_____
David G. Campbell
United States District Judge