**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reginald Haywood, | No. CV-05-2179-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Jeffrey A. Bedatsky, et al., | |
| Defendants. | |

Pending before the Court is Defendants Connie Mayorga and Lincoln Tyson's motion for summary judgment. Dkt. #90. Plaintiff has filed responses and Defendants have filed a reply. Dkt. ##93, 98, 103-04.

**I.     Background.**

After Plaintiff was terminated from his employment with the United States Postal Service ("USPS") he filed for unemployment benefits through the Arizona Department of Economic Security ("DES"). Defendant Mayorga was the DES deputy assigned to determine Plaintiff's eligibility for benefits. Dkt. #91 Ex. 1. After considering the respective positions of Plaintiff and the USPS regarding Plaintiff's eligibility for benefits, Defendant Mayorga determined that Plaintiff was terminated for reasons that disqualified him from receiving unemployment benefits. *Id.* Defendant Tyson, the state's Administrative Law Judge who heard Plaintiff's appeal, set aside Mayorga's denial of benefits. *Id.* at Ex. 2. During the hearing, Defendant Tyson was recorded stating to a third party that Plaintiff is "as nutty as a fruitcake. He's totally nuts, totally nuts." Dkt. #93 Ex. A.

Plaintiff filed a civil complaint against Mayorga and Tyson in Maricopa County Superior Court on June 4, 2004, alleging "libel and slander," "fraud, oppression, malice," "tortious invasion of privacy," and "intentional infliction of emotional distress." Dkt. #91 Ex. 3. Superior Court Judge Michael O'Melia granted the State Defendants' motion to dismiss and entered a judgment dismissing Plaintiff's claims with prejudice on November 2, 2004. Dkt. #91 Ex. 6.

On July 7, 2005, Plaintiff filed the present civil complaint against Defendants Mayorga and Tyson and numerous others. Dkt. #1. The only claims pled against Mayorga and Tyson are "intentional infliction of emotional harm" and "libel and slander." *Id.* at ¶ 31.

## II. Summary Judgment Standard.

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Only disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

## III. Analysis.

### A. Subject Matter Jurisdiction.

Defendants Mayorga and Tyson contend that the Court lacks subject matter jurisdiction because the complaint pleads no claims arising under federal law and because there is a lack of diversity between the parties. Dkt. #90 at 7.

The Court has subject matter jurisdiction over cases involving federal questions pursuant to 28 U.S.C. § 1331. Plaintiff has sued Defendants Mayorga and Tyson solely under state law. Dkt. #1. Plaintiff has, however, sued other defendants under various federal statutes, including Title VII, the Americans with Disabilities Act ("ADA"), and the Family Medical Leave Act ("FMLA"). *Id.* The Court has subject matter jurisdiction over those claims under 28 U.S.C. § 1331.

1 Pursuant to 28 U.S.C. § 1367, Congress has authorized the court to exercise 2 supplemental jurisdiction over Plaintiff's state law claims against Defendants Mayorga and 3 Tyson. Section 1367 provides:

> [T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367.

It is well settled in the Ninth Circuit that a district court has power to exercise supplemental subject matter jurisdiction over a party when the federal and state law claims "derive from a common nucleus of operative facts." *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002) (quoting *United Mine Workers*, 383 U.S. at 725); *see also Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 539 (2002). The decision to exercise that jurisdiction remains discretionary with the district court. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997). When deciding whether to exercise supplemental jurisdiction the district court should consider and weigh the values of judicial economy, convenience, fairness, and comity. *See Id.*

The state law claims asserted against Defendants Mayorga and Tyson, like the Title VII, ADA, and FMLA claims asserted against others, arise from the circumstances surrounding Plaintiff's termination from the USPS and the subsequent denial of unemployment benefits by DES. The claims "derive from a common nucleus of operative facts." *See Trs. of the Constr. Indus. & Laborers Health and Welfare Trust v. Desert Valley Landscape & Main., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (holding that supplemental jurisdiction is appropriate when the issues in one claim "would have been part of the trial" on another claim). Taking into consideration the relevant factors, the Court concludes that it should exercise supplemental jurisdiction over the state law claims.

- 3 -

**B.** *Res Judicata*

Defendants Mayorga and Tyson assert *res judicata* as an affirmative defense to Plaintiff's action. Defendants contend that Plaintiff had his day in court against these defendants and, because a final judgment was entered dismissing his claims with prejudice, Plaintiff is precluded from reasserting them in federal court. Dkt. #90 at 4.

State law governs the application of *res judicata* to a state court judgment. *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990); *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). Additionally, the party seeking to assert *res judicata* bears the burden of proving that it applies. *See State Comp. Fund v. Yellow Cab Co. of Phoenix*, 3 P.3d 1040, 1044 ¶ 14 (Ariz. Ct. App. 1999). Thus, Defendants have the burden of showing that all of the elements of *res judicata* under Arizona law are present to bind Plaintiff to the previous judgment of the state court.

In Arizona, *res judicata* will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties was, or might have been, determined in the former action. *See Hall v. Lalli*, 977 P.2d 776, 779 (Ariz. 1999). A valid final judgment is conclusive as to every issue decided and every issue raised by record that could have been decided. *See Heinig v. Hudman*, 865 P.2d 110, 115 (Ariz. Ct. App. 1994); *accord Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992) (stating that "*res judicata* bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action").

Defendants Mayorga and Tyson have proven all elements of *res judicata*, thus binding Plaintiff to the previous judgment of the state court. First, Defendants in this case were named as defendants in Plaintiff's state court action. Dkt. #91 Ex. 3. Second, Plaintiff asserted identical claims in both suits. Plaintiff alleged in the state court case that Defendants "libeled, slandered, and defamed Plaintiff" and that they committed both "tortious invasion of privacy" and "intentional infliction of emotional distress." *Id.* In this case, Plaintiff alleges that Defendants "deliberately inflicted emotional harm" and "libeled and slandered"

- 4 -

him. Dkt. #1 at ¶ 31. Third, the state court reached a final judgment on the merits regarding those claims when it granted the State Defendant's motion to dismiss with prejudice.

Defendants have met their burden of showing that all the elements of *res judicata* under Arizona law are present. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 715 (9th Cir. 2001) (affirming a district court ruling that *res judicata* precluded a party from asserting in district court the same claims that were raised or could have been raised in a prior state action). The Court accordingly will grant summary judgment in favor of Defendants Mayorga and Tyson.[1]

**IT IS ORDERED:**

1. Defendants Connie Mayorga and Lincoln Tyson's motion for summary judgment (Dkt. #90) is **granted**.

2. Plaintiff's motion to supplement his responses (Dkt. #106) is **granted**.

DATED this 20th day of February, 2007.

David G. Campbell
United States District Judge

---

[1] Given this ruling, the Court need not address Defendant's arguments that Plaintiff failed to meet the notice of claims requirement, that the statute of limitations had run, and that Defendants were entitled to absolute immunity by acting in a quasi-judicial capacity.