**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reginald Haywood, | No. CV-05-2179-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Jeffrey A. Bedatsky, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion for summary judgment. Dkt. #151. Plaintiff seeks summary judgment on his claims against Defendants Lincoln Tyson, Connie Mayorga, Rosalie Banasiak, and Arizona Department of Economic Security ("DES"). *Id.* at 5. Also pending is Plaintiff's motion to extend the discovery deadline. Dkt. #154. For the reasons set forth below, the Court will deny the motions.

**I.    Background.**

Plaintiff commenced this action by filing a pro se complaint against numerous Defendants on July 22, 2005. Dkt. #1. The complaint is based on Plaintiff's alleged wrongful termination from the United States Postal Service ("USPS"). *Id.* at 1-2. Plaintiff alleges that Tyson and Mayorga intentionally inflicted emotional harm and libeled and slandered him. *Id.* at ¶ 31. Plaintiff alleges that Banasiak infringed his right to privacy by furnishing the USPS with his medical information in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), section 555 of the Administrative

Procedure Act ("APA"), and Arizona state law. *Id*. ¶¶ 17-18.  Plaintiff claims that the Arizona DES harassed him by paying a visit to his residence to inquire about an overpayment of benefits and violated the Employment Protection Act and other state statutes by siding with the USPS.  *Id.* ¶ 31.

**II.     Plaintiff's Motion for Summary Judgment.**

The Court granted summary judgment in favor of Defendants Tyson and Mayorga on February 21, 2007, concluding that the claims against them were barred under the doctrine of *res judicata*.  Dkt. #155. The Court granted summary judgment in favor of Defendant Banasiak on March 2, 2007, concluding that no private right of action existed under either HIPPA or section 555 of the APA and that Plaintiff's state law claims were time-barred. Dkt. #163.  The Court also concluded that to the extent Plaintiff intended to assert a claim under the Privacy Act, 5 U.S.C. § 552, the claim failed because the private right of action created by § 552 is limited to actions against federal agencies.  *Id.* at 3.  Plaintiff's motion does not call these rulings into question.  Nor does it provide a basis for granting summary judgment in his favor.  *See* Dkt. 151.  The Court accordingly will deny Plaintiff's motion for summary judgment with respect to Defendants Tyson, Mayorga, and Banasiak.

The Court also will deny Plaintiff's motion for summary judgment with respect to Defendant Arizona DES.  Plaintiff has not served the Arizona DES with process as required by the Federal Rules of Civil Procedure.  Moreover, Plaintiff has not shown that he is entitled to summary judgment on his claims against the Arizona DES.  The party seeking summary judgment bears the initial burden of informing the court of the basis for his motion and identifying those portions of the record that he believes demonstrate the absence of a genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Plaintiff has failed to meet this burden.

**III.    Plaintiff's Motion to Extend the Discovery Deadline.**

Plaintiff requests a 30-day extension of the discovery period to allow Defendants Mayorga and Banasiak "to produce and respond to Plaintiff's discovery requests and/or be subpoenaed to do so."  Dkt. #154.  The Court will deny Plaintiff's request.  As explained

above, the Court has granted summary judgment in favor of Defendants Mayorga and Banasiak. The discovery Plaintiff seeks to obtain from these Defendants would not affect the Court's summary judgment rulings.

Moreover, Plaintiff has not shown good cause for extending the discovery deadline. Rule 16 of the Federal Rules of Civil Procedure provides that the district judge shall enter a scheduling order governing the case and that the "schedule shall not be modified except upon a showing of good cause[.]" Fed. R. Civ. P. 16(b); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm. Notes (1983 Am.); *see Johnson*, 975 F.2d at 609. Plaintiff has failed to show that he was diligent in obtaining discovery from Defendants Mayorga and Banasiak prior to the February 2, 2007 discovery deadline. *See* Dkt. ##61 ¶ 4, 154.

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (Dkt. #151) is **denied**.

2. Plaintiff's motion to extend discovery cut-off date (Dkt. #154) is **denied**.

DATED this 12th day of March, 2007.

David G. Campbell
United States District Judge