**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reginald Haywood, | No. CV-05-2179-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Jeffrey A. Bedatsky, et al., | |
| Defendants. | |

Plaintiff commenced this action by filing a pro se complaint against multiple Defendants on July 22, 2005. Dkt. #1. Many Defendants have not been served as required by the Federal Rules of Civil Procedure. As explained below, the Court will dismiss the action without prejudice as to all remaining Defendants except Defendants Postmaster General John Potter, Eugene Almer, Edna Benware, and Olga Carlson.

**I.     Background.**

Plaintiff was employed by the United States Postal Service as a mail handler at the Phoenix Processing and Distribution Center. Plaintiff's complaint alleges, among other things, civil rights violations and state law tort claims for wrongful termination, libel, slander, defamation, and intentional infliction of emotional distress. Dkt. #1. Plaintiff filed the complaint against the following Defendants: United States Postal Service ("USPS"), Postmaster General John Potter, Arizona Department of Economic Security ("ADES"), National Postal Mailhandlers Union ("NPMHU"), Jeff Bedatsky, John Seward, Debbie

Cooper, Rose Flaherty, LaValerie Footracer, William Travis, Donna Woo-Quintana, Gary Rice, David Dilletoso, Emmet Haynes, Hiram Johnson, Denise Gillanders, Al Iniguez, Charles Davis, H.W. Garrison, Stephanie Glass, Rosalie Banasiak, Eugene Almer, Olga Carlson, Ann Pype, Edna Benware, Karen McDaniel, Virginia Brown, Barbara Roberson, Lerene Wiley, Robert Hemphill, Regina Beckhum, Rodney Aurrich, Lincoln Tyson, Connie Mayorga, Suzanne Hastings, George Kintscher, Scharlene Kintscher, Timothy Felton, Susan Jackson, Elaine Cauley, Nancy Howe, and H. Mike Martinez. *Id.* at 1. The Court has granted summary judgment in favor of Defendants NPMHU, Banasiak, Tyson, and Mayorga. Dkt. ##47, 154, 163.

Plaintiff filed a motion for an extension of time to effect service on November 22, 2005. Dkt. #21. The Court granted the motion and gave Plaintiff until January 20, 2006 to complete service in this case. Dkt. #25.

On January 18, 2006, Plaintiff sought entry of default against the Defendants who had not responded to his complaint. Dkt. ##27-32, 33-34. The Court denied the motions because Plaintiff had failed to provide proof of service as required by Rule 55 of the Federal Rules of Civil Procedure. Dkt. #42.

On August 28, 2006, Plaintiff again filed a motion for entry of default against the Defendants who had not responded. Dkt. #64. The Court denied the motion because Plaintiff had not properly served Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. The Court ordered Plaintiff to show good cause pursuant to Rule 4(m) as to why the unserved Defendants should not be dismissed from the action. Dkt. #71. In response, Plaintiff asserted that he had misinterpreted the service of process rules and that he had been advised by the Clerk of Court that Defendants would be served by the United States Marshal if they did not accept Plaintiff's request for waivers. Dkt. #74. Despite this assertion, Plaintiff apparently had never contacted the Marshal or provided service addresses for the numerous Defendants.

In an order issued on November 29, 2006, the Court concluded that Plaintiff's failure to effect service likely was based on his misunderstanding, as a pro se litigant, that service

1 would be made by the Marshal without further action on his part. Dkt. #88 at 3. Thus, even
2 though the case had been pending for more than one year without service, the Court granted
3 Plaintiff an additional 60 days to effect service. The Court specifically warned Plaintiff that
4 Defendants would be dismissed from the action if they were not served by January 29, 2007.
5 *Id.* at 6. The Court also stated: "Plaintiff is cautioned that service in this case is long
6 overdue and the Court will not be inclined to grant additional extensions. This litigation has
7 been pending for well over one year and must move forward to a conclusion." *Id.* at 3-4.

8 Plaintiff filed a request for service by a the Marshal on December 8, 2006. Dkt. #89.
9 The Court granted the motion and directed Plaintiff to promptly provide the Marshal with the
10 addresses of the Defendants he wished to have served. Dkt. #92. On December 28, 2006,
11 Plaintiff informed the Marshals Service that all Defendants named in his complaint needed
12 to be served except for NPMHU, Banasiak, Tyson, and Mayorga. Dkt. #95. Plaintiff
13 subsequently completed service of process forms for all unserved Defendants except USPS,
14 ADES, and Stephanie Glass. Dkt. ##111-12, 114, 118-26, 128-50.

15 Deputy Marshals attempted to serve Defendants in January 2007. The Marshals
16 returned unexecuted summonses and service forms as to all Defendants except Eugene Almer
17 and Postmaster General Potter. Dkt. ##114, 150. The unexecuted summonses have expired.

18 The United States has filed a notice asserting that service of process has not been
19 completed as required by Rule 4. Dkt. #166. The United States notes that Plaintiff has filed
20 three previous unsuccessful lawsuits against many of the Defendants in this case regarding
21 his prior employment with the USPS. *Id.* at 2. *See Haywood v. USPS*, CV-02-1236-PHX-
22 LOA (D. Ariz); *Haywood v. Potter*, CV-02-1738-PHX-SRB (D. Ariz); *Haywood v. Tyson*,
23 CV2004-010887 (Maricopa County Superior Ct.). Plaintiff contends in his response that all
24 Defendants have been properly served. Dkt. #168.

25 **II.  Discussion.**

26 Rule 4(m) provides that if a defendant is not served within 120 days after the filing
27 of the complaint, the court, absent a showing of good cause for failure to serve, shall dismiss
28 the action without prejudice as to the unserved defendant. Fed. R. Civ. P. 4(m). The Ninth

- 3 -

1 Circuit has made clear that a "pro se litigant proceeding in forma pauperis is entitled to rely
2 on the U.S. Marshal for service of the summons and complaint[.]" *Puett v. Blandford*, 912
3 F.2d 270, 275 (9th Cir. 1990). "So long as the [plaintiff] has furnished the information
4 necessary to identify the defendant, the marshal's failure to effect service 'is automatically
5 good cause within the meaning of Rule 4[(m)].'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th
6 Cir. 1994) (citation omitted), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472
7 (1995).

8       **A.    Postmaster General Potter.**

9       Service on an officer of the United States sued in an official capacity is effected by
10 sending copies of the summons and complaint by registered or certified mail to the officer
11 and by serving the United States. Fed. R. Civ. P. 4(i)(2)(A). In this case, the Marshals
12 Service served Postmaster General Potter via certified mail. Dkt. #150. The United States
13 contends that service on the Postmaster General is insufficient without service on the U.S.
14 Attorney. Dkt. #166 at 5.

15       "Rule 4(i) sets out, with precision and using language that should be clear to any
16 nonlawyer as well as to any lawyer, the method for obtaining service on the United States[.]"
17 *Clark v. Runyon*, 27 F. Supp. 2d 1040, 1042 (N.D. Ill. 1998). Service on the United States
18 is effected by delivering copies of the summons and complaint to the U.S. Attorney for the
19 district in which the action is brought and the Attorney General of the United States. Fed.
20 R. Civ. P. 4(i)(1). The U.S. Attorney may be served (1) by delivering copies of the summons
21 and complaint to the U.S. Attorney or to an assistant U.S. attorney or clerical employee
22 designated by the U.S. Attorney or (2) by sending copies of the summons and complaint by
23 registered or certified mail to the civil process clerk at the U.S. Attorney's Office. Fed. R.
24 Civ. P. 4(i)(1)(A). The Attorney General may be served by sending him copies of the
25 summons and complaint by registered or certified mail. Fed. R. Civ. P. 4(i)(1)(B).

26       The record in this case does not show that either the U.S. Attorney for the District of
27 Arizona or the Attorney General of the United States has been served as required. The
28 Advisory Committee Notes to Rule 4(m) state that service deadlines should be extended "to

1  correct oversights in compliance with the requirements of multiple service in actions against
2  the United States or its officers[.]" Fed. R. Civ. P. 4(m), 1993 Amendments. The Notes
3  further state the district court should "take care to protect pro se plaintiffs from consequences
4  of confusion or delay attending the resolution of an in forma pauperis [pleading]." *Id.* The
5  Court will exercise its discretion under Rule 4(m) and direct the U.S. Marshal to serve the
6  United States, via service on the U.S. Attorney and Attorney General, by **June 11, 2007**. *See*
7  *Shore v. Henderson*, 168 F. Supp. 2d 428, 431-32 (E.D. Pa. 2001) (extending the deadline
8  to serve the U.S. Attorney and Attorney General where the Postmaster General had been
9  properly served via certified mail) (citing Fed. R. Civ. P. 4(m) advisory committee notes);
10 *Boucher v. Potter*, No. 1:04CV1541, 2005 WL 1183148, at *2 (S.D. Ind. May 18, 2005)
11 (extending the time to serve the Attorney General where the extra time saved the plaintiff
12 "from the hazard of losing a substantive right because of the failure to comply with the
13 requirements of multiple service under Rule 4(i)").

### B.     Eugene Almer.

Plaintiff provided a medical office address on the service form for Defendant Almer. Dkt. #114. A Deputy Marshal served Defendant Almer by delivering copies of the summons and complaint to his receptionist, Diane Ayala. *Id.* The United States contends that the service form "on its face shows service on an office employee which is insufficient unless it was authorized by Dr. Almer[.]" Dkt. #166 at 4; *see* Fed. R. Civ. P. 4(e)(2). The Court cannot determine from the face of the service form whether Ms. Ayala was authorized to accept service on Dr. Almer's behalf. Dr. Almer has not asserted insufficiency of service of process as a defense to the claims against him. Because the summons and service form were returned executed, the Court will not dismiss Dr. Almer at this stage of the litigation.

### C.     Edna Benware and Olga Carlson.

Plaintiff provided a residential address on the service form for Defendant Benware. Dkt. #140. A Deputy Marshal attempted to serve Benware at her residence on January 24, 2007, but Benware was not home. *Id.* A person performing maintenance work at the residence informed the Deputy that Benware would back in town on January 29, 2007, the

1  same day the summons expired. *Id.* Thus, it appears that Plaintiff provided the information
2  necessary for the Marshals Service to effect service on Defendant Benware, but the Marshals
3  Service simply did not have time to serve Benware prior to the expiration of the summons.
4       Plaintiff also provided a residential address on the service form for Defendant Carlson.
5  Dkt. #142. On January 26, 2007, a Deputy Marshall spoke to Carlson at her residence but
6  did not serve her because she requested that the summons and complaint be forwarded to the
7  USPS legal department. *Id.* The service form was returned unexecuted on February 1, 2007.
8  *Id.* Plaintiff provided the information necessary for the Marshals Service to serve Defendant
9  Carlson. Service on an individual may be effected by delivering copies of the summons and
10 complaint to the individual personally. Fed. R. Civ. P. 4(e)(2). Carlson could have been
11 served personally when the U.S. marshal spoke to her on January 26, 2007.
12      A plaintiff should not be penalized for failure to effect service where the Marshal did
13 not comply with Rule 4 or simply did not have time to serve a defendant. *Puett*, 912 F.2d
14 at 275; *see McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1992) (reversing dismissal of
15 unserved defendant where the plaintiff had misspelled the defendant's name but had provided
16 other information sufficient for the marshal to effect service), *overruled on other grounds by*
17 *WMX Techs., Inc. v Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). The Court will grant
18 Plaintiff an additional 30 days to serve Defendants Benware and Carlson. If Plaintiff wishes
19 to have the Marshal serve these Defendants, he shall promptly inform the Marshals Service.
20 Plaintiff is warned that if Defendants Benware and Carlson are not served by **June 11, 2007**,
21 the Court will dismiss them from this action pursuant to Rule 4(m).

22      **D.**    **Barbara Roberson, Al Iniguez, and Stephanie Glass.**

23      Defendants Roberson and Iniguez were not served due to Plaintiff's failure to provide
24 the Marshals Service with their addresses. Dkt. ## 111-12. Plaintiff did not provide the
25 Marshals Service with a summons and service form for Defendant Glass. Plaintiff has not
26 shown good cause for the failure to serve these Defendants by the January 29, 2007 deadline.
27 The Court will dismiss the Defendants pursuant to Rule 4(m). *See Walker*, 14 F.3d at 1422
28 (holding that the district court did not abuse its discretion in dismissing an unserved

defendant where the plaintiff did not show that he had provided the marshal with sufficient information to serve the defendant or that he had in fact requested that the defendant be served).

### E. The Other Individual Defendants.

Plaintiff has asserted state law tort claims for libel, slander, defamation, and intentional infliction of emotional distress. Dkt. #1. Plaintiff also has asserted civil rights claims, including sexual harassment and retaliation. *Id.* Plaintiff alleges that the tortious activities and civil rights violations were not within the scope of official duties. *Id.* at 3. While Plaintiff's claims are not artfully pled, it appears that Plaintiff is suing his former coworkers and other USPS employees in their individual capacities.

Rule 4(e) prescribes the manner for serving a person sued in an individual capacity. Service is effected by delivering copies of the summons and complaint to the individual personally or to an agent authorized to receive service on the individual's behalf or by leaving copies of the summons and complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. Fed. R. Civ. P. 4(e)(2).

Plaintiff provided only a USPS office address for the following Defendants: Bedatsky, Seward, Cooper, Flaherty, Footracer, Travis, Woo-Quintana, Rice, Dilletoso, Haynes, Johnson, Gillanders, Davis, Garrison, Pype, McDaniel, Brown, Wiley, Hemphill, Beckhum, Aurrich, Hastings, Felton, Jackson, Cauley, Howe, Martinez, George Kintscher, and Scharlene Kintscher. Dkt. ##118-39, 141, 143-49. A Deputy Marshal attempted to serve these Defendants on January 24 and 31, 2007. *Id.* The Deputy was not able to serve the Defendants personally at the USPS office location and no USPS official was authorized to accept service on the Defendants' behalf. *Id.* The Deputy was not able to serve the Defendants at their homes or usual places of abode because Plaintiff provided no home addresses on the service forms. *Id.*

Plaintiff has not shown that he provided the Marshals Service with the information necessary to effect service. Nor has Plaintiff otherwise shown good cause for his failure to

1  serve the Defendants by the January 29, 2007 deadline. The Court accordingly will dismiss
2  the Defendants pursuant to Rule 4(m). *See Walker*, 14 F.3d at 1422. In reaching this
3  conclusion, the Court notes that Plaintiff has had more than one year to complete service of
4  process. Plaintiff received a specific warning that Defendants would be dismissed if not
5  served properly by January 29, 2007, and yet failed to provide addresses where service could
6  occur. The Court also notes that Plaintiff is not a novice litigator. He has filed at least three
7  previous lawsuits against many of these same Defendants on the same claims. The Court
8  concludes that additional time for service of these Defendants is not warranted.

**F.    Defendants USPS and ADES.**

Plaintiff did not provide the Marshals Service with a summons and service form for Defendant USPS. Plaintiff has not attempted to serve Defendant ADES since the filing of the complaint. The Court will dismiss these Defendants pursuant to Rule 4(m).

**IT IS ORDERED:**

1.    The U.S. Marshal shall, by **June 11, 2007**, complete service of process on Defendant Postmaster General John Potter by serving the U.S. Attorney for the District of Arizona and the Attorney General of the United States pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.

2.    Plaintiff shall have until **June 11, 2007** to serve process on Defendants Edna Benware and Olga Carlson. If Plaintiff wishes to have the U.S. Marshal serve these Defendants, he shall promptly inform the Marshals Service (602-382-8767). Plaintiff also shall complete a summons and service form for each Defendant and shall provide the completed documents to the Marshals Service. If Defendants Benware and Carlson are not served by **June 11, 2007**, either by a U.S. marshal or otherwise, the Court will dismiss them from this action pursuant to Rule 4(m).

3.    The action is **dismissed** without prejudice as to the following Defendants: United States Postal Service, Arizona Department of Economic Security, Jeff Bedatsky, John Seward, Debbie Cooper, Rose Flaherty, LaValerie Footracer, William Travis, Donna Woo-Quintana, Gary Rice, David Dilletoso, Emmet Haynes, Hiram Johnson,

1  Denise Gillanders, Al Iniguez, Charles Davis, H.W. Garrison, Stephanie Glass, Ann Pype,
2  Karen McDaniel, Virginia Brown, Barbara Roberson, Lerene Wiley, Robert Hemphill,
3  Regina Beckhum, Rodney Aurrich, Suzanne Hastings, George Kintscher, Scharlene
4  Kintscher, Timothy Felton, Susan Jackson, Elaine Cauley, Nancy Howe, and
5  H. Mike Martinez.

   4. The Clerk is directed to provide the Marshals Service with a copy of this Order as well as a copy of the complaint in this matter (Dkt. #1).

   DATED this 10th day of May, 2007.

*/s/ Daniel G. Campbell*
_____
David G. Campbell
United States District Judge

cc: USM