**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reginald Haywood, ) No. CV-05-2179-PHX-DGC | |
| Plaintiff, ) **ORDER** | |
| vs. ) | |
| Jeff Bedatsky, et al., ) | |
| Defendant. ) | |

Defendant Eugene Almer has filed a motion to dismiss. Dkt. #182. Plaintiff Haywood seeks a default judgment against Defendant Almer. Dkt. #187. The Court will grant Defendant Almer's motion and deny Plaintiff's motion.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly[.]" *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). Service requires delivery of the summons and complaint to the defendant personally, to the defendant's authorized agent, or to a person of suitable age and discretion residing at the defendant's "dwelling house or usual place of abode." Fed. R. Civ. P. 4(e); *see also* Ariz. R. Civ. P. 4.1(d). In this case, the United States Marshals, acting on information provided by Plaintiff, delivered the summons and complaint to Ms. Ayala, a secretary at Defendant Almer's place of business. Plaintiff claims that this was sufficient service under Rule 4. The Court does not agree.

Delivery of the summons and complaint to the defendant's place of employment is not sufficient. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) ("We require 'substantial compliance with Rule 4' [which] has generally been construed to mean that service at a defendant's place of employment is insufficient.") (quoting *Jackson*, 682 F.2d at 1347); *Direct Mail*, 840 F.2d at 688 ("[W]ithout substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'") (citation omitted).

Service of process on an agent is sufficient only if the agent is "authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2); *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1248-49 (9th Cir. 1987) (stating that service on person's attorney would be ineffective unless attorney had actual authority to accept service) (citing *Kalakosky v. Collins*, 609 P.2d 596, 597 (Ariz. Ct. App. 1980) and *Sloan v. Florida-Vanderbilt Dev. Corp.*, 529 P.2d 726, 729 (Ariz. Ct. App. 1974)). Defendant Almer has provided an affidavit stating that Ms. Ayala was not his agent for service of process. Dkt. #182. Plaintiff presents no evidence to the contrary.

The Court concludes that Defendant Almer has not been served properly and is entitled to dismissal under Rule 12(b)(5). Plaintiff's motion for entry of default judgment will therefore be denied.

**IT IS ORDERED:**

1. Defendant Almer's motion to dismiss (Dkt. #182) is **granted**.

2. Plaintiff Haywood's motion for entry of default (Dkt. #187) is **denied**.

DATED this 10th day of September, 2007.

David G. Campbell
United States District Judge