**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Reginald Haywood, ) No. CV-05-2179-PHX-DGC
)
    Plaintiff, ) **ORDER**
)
vs. )
)
Jeff Bedatsky, et. al. )
)
    Defendants. )
)

Defendant Postmaster General John Potter has filed a Motion to Dismiss. Dkt. #178. For reasons stated below, the Court will grant the motion. The Court will also dismiss the claims against the remaining Defendants Edna Benware and Olga Carlson.

**I.  Background.**

Reginald Haywood instituted this action for twenty-five million dollars after the United States Postal Service ("USPS") terminated his employment. Plaintiff's complaint makes vague allegations of violations of the "FMLA, Title VII, ADA, Civil RICO, §301, and applicable state statutes." Dkt. #1. Defendant Potter moves to dismiss on the grounds of *res judicata*, failure to exhaust administrative remedies, and failure to state a claim. Defendant Potter also notes that Defendants Edna Benware and Olga Carlson have never been properly served.

**II.  *Res Judicata*.**

Res judicata precludes parties from relitigating causes of action that were, or could have been, litigated in a prior lawsuit that proceeded to a final judgement on the merits.

*FDIC v. Alshuler*, 92 F.3d. 1503, 1506 (9th Cir. 1996). Courts examine four factors to determine whether causes of action asserted in the prior action are the same as those asserted in the current action:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id*. The Court will address each of these factors.

### A. Would rights established in the prior judgment be destroyed by this action?

Plaintiff has filed two previous federal court employment cases against Defendant Potter and the USPS. These cases involved allegations of discrimination and retaliation. Both were resolved in defendants' favor. *See Haywood v. U.S. Postal Serv.*, CV-02-1236-PHX-LOA, slip op. at 1-2 (D. Ariz. Jan. 28, 2004) ("*Haywood I*") (dismissed with prejudice for failure to comply with discovery); *Haywood v. Potter*, CV-02-1738-PHX-SRB, slip op. at 3 (D. Ariz. Dec. 22, 2004) ("*Haywood II*") (summary judgment for defendant, plaintiff failed to proffer any evidence of discrimination or retaliation).

Plaintiff brings the same allegations in this case, alleging that discrimination and retaliation motivated his termination. Dkt #179 at 5. Plaintiff's termination was the final step in a string of employment actions that Plaintiff claims were based on discriminatory and retaliatory animus. Plaintiff's notice of termination occurred on November 23, 2003, during *Haywood I*. His termination became effective on July 23, 2004, during *Haywood II*. Plaintiff could have raised the termination in either of these prior cases.

The rights and interests established in a previous suit include the right of the prevailing party to be free from meritless and vexatious litigation on the same subject. *See Costantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982). Permitting Plaintiff to re-litigate his discrimination and retaliation claims would clearly destroy Defendant Potter's right to avoid continuous litigation of these issues.

- 2 -

**B.     Do the actions involve substantially the same evidence?**

The evidence need only be similar, not identical, for this factor to apply. *Forest Guardians v. Thomas*, 967 F. Supp. 1536, 1549 (D. Ariz. 1997). In his prior cases, Plaintiff proffered evidence purportedly showing a conspiracy among post office employees against him, mistreatment and racism going back to 1994, discrimination based on an alleged disability, and retaliation for exercising his rights under the FMLA. The same or similar evidence would be presented by Plaintiff in this case to show that his termination was based on discrimination and retaliation.

Evidence submitted by Defendant Potter in this case would also be similar to his defense in the prior cases. In *Haywood II*, Defendant Potter justified his adverse employment decisions on the basis of Plaintiff's inappropriate conduct in the workplace, including Plaintiff's shouting matches with supervisors and his insults against other USPS employees. The same evidence would be relevant to Plaintiff's termination. Because the evidence in the two suits would be substantially the same, this factor weighs in Defendant Potter's favor.

**C.     Do the actions involve infringement of the same right?**

Suits involve infringement of the same right when the second suit invokes a right that was or could have been raised in the first suit. *Thomas*, 967 F. Supp. at 1550. Plaintiff holds a right to be free from discrimination and retaliation by his employer. In his previous suits, Plaintiff claimed injury to that right based on adverse employment decisions. In this case, he claims injury to that right based on his termination.

Plaintiff also has a right to be from unlawful termination of his employment. Plaintiff could have asserted that right in his prior lawsuits. This factor weighs in Defendant Potter's favor.

**D.     Do the actions arise out of the same transactional nucleus of facts?**

Whether two suits arise from the same transactional nucleus of facts is the most important factor of the *res judicata* analysis, *Costantini,* 681 F.2d at 1202, and has even been used exclusively, without reference to the other factors, *International Union of Operating Eng'rs v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1998). Two cases arise out of the same

1 transactional nucleus of facts if the underlying "facts are related in time, space, origin, [or] motivation[,] form a complete trial unit[, or] their treatment as a unit conforms to the parties' expectations." *Restatement (Second) of Judgments* § 24(b).

Plaintiff's actions against Defendant Potter and the USPS all arise from his employment. They have a common origin and motivation: Plaintiff's belief that the USPS discriminated and retaliated against him. Even Plaintiff understands that the suits belong together: his third amended complaint in *Haywood I* mentions his impending termination.

The facts underlying these separate suits are related in time, space, origin, and motivation. They form a single trial unit. The most powerful prong of the *res judicata* analysis thus favors Defendant Potter.

### E. *Res judicata* bars the present claim.

Plaintiff's claim is virtually identical to his previous actions. It involves the same evidence, rights, and nucleus of facts. Plaintiff could have brought his termination claim in the prior actions. Defendant Potter, having secured a favorable judgment on the merits of those actions, now has the right to be free from repetitive and vexatious litigation.

## III. Plaintiff's other claims.

Plaintiff's Civil RICO claim, stated in purely conclusory terms, fails to allege the elements required for such a claim. *See Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (RICO claimant must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property). Plaintiff's "applicable state statutes" claim fails to specify the statutes at issue or how they were violated, and appears to be based on the same allegations contained in his previous suits and therefore is barred by *res judicata*. Finally, to the extent Plaintiff asserts a claim under Section 301 of the Labor Management Relations Act against Defendant Potter, the Court already has held the claim time-barred. Dkt. #47.

## IV. Service of Process on Edna Benware and Olga Carlson was deficient.

Defendant Potter's motion to dismiss notes that service of process on Defendants Benware and Carlson – the only other defendants remaining in this lengthy lawsuit – was

1  improper. The Court agrees. "Unless service is waived, proof of service must be made to
2  the court." Fed. R. Civ. P. 4(l)(1). In this case, not only is the Court lacking proof of service,
3  but the U.S. Marshals assigned to serve process have returned affidavits confirming the lack
4  of service. Dkt. ##180–81. "A federal court does not have jurisdiction over a defendant
5  unless the defendant has been served properly[.]" *Direct Mail Specialists, Inc. v. Eclat*
6  *Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). The claims against
7  Defendants Benware and Carlson will therefore be dismissed.

**IT IS ORDERED:**

1. Defendant Postmaster General John Potter's Motion to Dismiss (Dkt. #178) is **granted**.
2. Defendants Edna Benware and Olga Carlson are **dismissed**.
3. The Clerk is directed to **terminate** this action.

DATED this 10th day of September, 2007.

*David G. Campbell*
United States District Judge